

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY NKEM ESUKPA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2196-M |
| | § | |
| JOHN EAGLE SPORTS CITY TOYOTA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Third Motion to Dismiss, filed on April 14, 2006. For the reasons stated below, this Motion is **GRANTED** in part, and **DENIED** in part.

### Background

Stanley Nkem Esukpa ("Plaintiff") brought this action on November 8, 2005. As stated in the Court's January 3, 2006 Order, Plaintiff's Original Complaint did not state a claim upon which relief may be granted. The Court, therefore, granted Plaintiff leave to amend his Original Complaint. Plaintiff filed his Amended Complaint on January 25, 2006. In his Amended Complaint, Stanley Nkem Esukpa ("Plaintiff") makes claims under Title VII of the Civil Rights Act ("TitleVII") and the Age Discrimination in Employment Act of 1967 ("ADEA"), contending he was discriminated against based on his race and national origin, and for various common law causes of action. Specifically, Plaintiff contends that as a result of such discrimination, he was

not promoted from his position as a used car salesman to a position within Defendant's internet sales department, and then was terminated, and that Defendant's position that his termination was due to his unauthorized use of a company vehicle is pretextual. Plaintiff further claims that the Defendant threatened to arrest Plaintiff "if EEOC Complaint was not discontinued by Plaintiff", he was subjected to ridicule because he has a degree from an online college, he was subjected to "jungle jokes" and treated as if he were senile, Defendant's appeal of an adverse Texas Workforce Commission ruling constitutes intentional infliction of emotional distress, and Defendant slandered Plaintiff.

## Exhaustion of Administrative Remedies

Attached to Plaintiff's Amended Complaint is the charge Plaintiff presented to the EEOC on October 21, 2004. In the "Discrimination Based On" section of the charge, one can check Race, Color, Sex, Religion, National Origin, Retaliation, Age, Disability, and/or Other. The "Race," "Age," and "National Origin" boxes are checked on Plaintiff's charge. In the section entitled "Date(s) Discrimination Took Place," September 29, 2004 is identified both as the earliest and the latest date of discrimination. The "Continuing Action" box in the "Date(s) Discrimination Took Place" section is unchecked. The EEOC charge also states the following:

I. **Personal Harm:**
On or about September 29, 2004, I was notified that I was being discharged from my position of Sales Consultant.

II. **Respondent's Reasons for Adverse Action:**
Bruce Mitchell (White), Used Car Manager told me I was being discharged for stealing a truck from the dealership and for allowing a customer to keep a vehicle over night.

> III. **Discrimination Statement:**
> I believe I have been discriminated against because of my national origin, Nigerian and race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended and my age, 45, in violation of The Age Discrimination in Employment Act of 1967, as amended.

"The timely filing of an EEOC charge is a condition precedent to suit on a Title VII claim, and the scope of a Title VII suit extends no further than the scope of the investigation that can reasonably be expected to grow out of the charge." Stoker v. Norris Cylinder Co., 2006 U.S. Dist. LEXIS 31311, *9 (N.D. Tex. 2006)(Lynn, J.); *see also* Young v. City of Houston, 906 F.2d 177 (5th Cir. 1990); Thomas v. Texas Dep't of Crim. Justice, 220 F.3d 389 (5th Cir. 2000); Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Craven v. Texas Dept. Of Criminal Justice-Institutional Div., 151 F.Supp.2d 757, 770 (N.D. Tex. 2001)(Lindsay, J.). Similarly, the filing of an EEOC charge is a condition precedent to suit on an ADEA claim. Julian v. City of Houston, 314 F.3d 721, 725 (5th Cir. 2002)(citing 29 U.S.C. § 626(d)). The Court finds that the investigation that can reasonably be expected to grow out of the plain language of Plaintiff's EEOC charge would not include an investigation of claims of failure to promote, retaliation, harassment or hostile work environment. Accordingly, all of Plaintiff's Title VII and ADEA claims, except that with respect to Plaintiff's termination on September 29, 2004, are **DISMISSED** for Plaintiff's failure to exhaust administrative remedies.

Termination of Employment

To succeed on his claim that his termination of employment with Defendant is actionable under Title VII, Plaintiff must set forth a prima facie case of discrimination. However, this prima

facie case is an evidentiary standard, not a pleading requirement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Thus, for purposes of this Motion, Plaintiff's Amended Complaint need not contain specific facts establishing a prima facie case, and "instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 508 (citing Fed. R. Civ. P. 8(a)(2)). The elements of a prima facie case of discrimination are that (1) the plaintiff is a member of a protected class, (2) the plaintiff was qualified for the position he held, (3) the plaintiff suffered an adverse employment action, and (4) others outside the protected class were treated more favorably. Plaintiff is a member of a protected class. The Court construes Plaintiff's assertion that Defendant's General Sales Manager "hand-picked" Plaintiff for the used car department as a sufficient assertion that Plaintiff was qualified to be a used car salesman, the position he held prior to his termination. Clearly, Plaintiff suffered an adverse employment action. Though Plaintiff does not explicitly set forth facts establishing that others outside the protected class were treated more favorably, the Court finds that Plaintiff has met his pleading requirement as described in Swierkiewicz. Accordingly, with respect to Plaintiff's claim that his termination of employment is actionable under Title VII, Defendant's Motion is **DENIED**.

## Intentional Infliction of Emotional Distress

Plaintiff claims that Defendant's appeal of an adverse Texas Workforce Commission ruling, by which Plaintiff was awarded unemployment benefits, constitutes intentional infliction of emotional distress. To recover for this tort, Plaintiff must show that: (1) Defendant acted intentionally or recklessly; (2) Defendant's conduct was extreme and outrageous; (3) Defendant's

actions caused Plaintiff emotional distress; and (4) the resulting emotional distress was severe. Hoffman-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004). "Extreme and outrageous conduct is conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. (citing Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993)). Because the filing of an appeal cannot as a matter of law constitute "extreme and outrageous" conduct which could support an intentional infliction claim, Defendant's Motion is **GRANTED** with respect to this claim, and the claim is **DISMISSED** with prejudice.

### Slander

Although Defendant alleged Plaintiff was terminated for the unauthorized use of a company vehicle, Plaintiff claims the Defendant did not prove to the Texas Workforce Commission that he took the car without permission. Plaintiff also claims that Defendant told "a large group in the dealership" that Plaintiff used a company vehicle without authorization, and that this false statement is still spreading throughout the automotive industry, thereby harming Plaintiff's career and reputation.

"Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse." Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 646 (Tex. 1995). While "an employer has a conditional or qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing," this privilege is destroyed where the employer passes communications along to parties with no interest or duty in the matter, or where the statement was motivated by actual

5

malice. Id. In its Response, Defendant argues that truth is a defense to slander and, because Plaintiff was in fact terminated for using a company vehicle without authorization, Plaintiff has failed to state a claim upon which relief may be granted. It is true that in suits brought by private individuals, truth is an affirmative defense to slander. Id. (citation omitted). However, for purposes of this 12(b)(6) Motion, the Court is not called upon to decide whether the allegedly defamatory statement uttered by Defendant was true or false. It is the Court's view that Plaintiff has stated a claim of slander which, if true, may entitle him to relief under Texas law. Accordingly, with respect to this claim, Defendant's Motion is **DENIED**.

Conclusion

As set forth above, Plaintiff's claims brought under Title VII and the ADEA, with the exception of Plaintiff's claim concerning his termination of employment, are **DISMISSED** for failure to exhaust administrative remedies. With respect to Plaintiff's claim of intentional infliction of emotional distress, Defendant's Motion is **GRANTED**, and that claim is **DISMISSED**. Defendant's Motion is otherwise **DENIED**.

**SO ORDERED.**

**DATED:** August 15, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE